IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| WILLIAM AND LISA KOWAL, husband and wife,<br><br>        Plaintiffs,<br><br>  v.<br><br>AURORA CASKET COMPANY, INC., and JOHN DOES 1-10,<br><br>        Defendants. | Civil No. 11-6343 (RMB/AMD)<br><br>**ORDER TO SHOW CAUSE** |

    THIS MATTER coming before the Court upon its own motion; and

    THE COURT NOTING that this case was initiated with the filing of a Complaint in this Court on October 28, 2011; and

    THE COURT NOTING that the Complaint fails entirely to allege a ground for federal subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 ("federal question jurisdiction"); and

    THE COURT NOTING that Plaintiffs attempt to assert diversity jurisdiction pursuant to 28 U.S.C. § 1332 (Compl. ¶ 2); and

    THE COURT NOTING that to establish diversity jurisdiction pursuant to § 1332, the matter in controversy must be between "citizens of different states" and the citizenship of each party must be alleged specifically, see Hodgson v. Bowerbank, 9 U.S. (5 Cranch) 303 (1809); and

    THE COURT NOTING that "mere residency in a state is

insufficient for purposes of diversity," see Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972) (citing Sun Printing & Publ'g Ass'n v. Edwards, 194 U.S. 377 (1904)); and

 THE COURT FINDING that the Complaint alleges only where the Plaintiffs reside and not the state in which they are citizens (Compl. ¶ 4); and

 THE COURT NOTING that for purposes of diversity jurisdiction, a corporation is deemed a citizen of both the state where it has been incorporated and the state where it has its principal place of business, 28 U.S.C. § 1332(c)(1); and

 THE COURT FINDING that the Complaint only alleges the states where the defendant corporation has its "headquarters" and is "duly organized and registered to transact business" (Compl. ¶ 5); and

 THE COURT NOTING that for purposes of diversity jurisdiction, the matter in controversy must "exceed[] the sum or value of $75,000, exclusive of interest and costs . . . ," 28 U.S.C. § 1332; and

 THE COURT NOTING that courts "generally accept a party's good faith allegation of the amount in controversy, but where . . . the court challenges the . . . allegations regarding the amount in question, the [party] who seeks the assistance of the federal courts must produce sufficient evidence to justify its claims," Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 541 (3d

Cir. 1995) (citation omitted); and

THE COURT NOTING that the Complaint demands judgment "in an amount in excess of Seventy Five Thousand ($75,000) Dollars," but Plaintiffs have provided no facts to support this alleged amount in controversy, such as, for example, the salary Mr. Kowal would have earned since May 2011, had he not been wrongfully discharged as he alleges (Compl. Prayer for Relief); and

THE COURT FURTHER NOTING that the Complaint only names Aurora Casket Company and John Does 1-10 as the defendants, but also demands judgment from "[Defendant's] agents, servants, workmen and employees," and makes ambiguous allegations against Mr. Kowal's "direct supervisor Defendant, John Does, Patrick King," and "another supervisor with Defendant, John Doe, Kevin Busse" (Compl. ¶¶ 13, 17), so it is unclear whether Plaintiffs' allegations target additional, unnamed defendants, such as King and Busse; and

THE COURT FINDING that the Complaint thus fails to properly establish this Court's jurisdiction;

IT IS HEREBY **ORDERED** that Plaintiffs must show cause, upon pain of dismissal, by written submission on or before **November 8, 2011**, why the above captioned case should not be dismissed for lack of subject-matter jurisdiction, and to the extent that the Complaint does not name all of the defendants that Plaintiffs intended to sue in this matter, Plaintiffs shall amend the

Complaint accordingly and shall properly allege the citizenship of those parties.

Dated: November 1, 2011        s/Renée Marie Bumb
                               RENÉE MARIE BUMB
                               UNITED STATES DISTRICT JUDGE