Thomas J. Barton, Esq. (NJ Bar No. 00821-1991)
Aaron M. Moyer, Esq. (NJ Bar No. 01009-2009)
Drinker Biddle & Reath LLP
One Logan Square, Ste. 2000
Philadelphia, PA 19103-6996
215-988-2700
*Attorneys for Defendant AURORA CASKET COMPANY, INC.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| WILLIAM KOWAL and LISA KOWAL,<br><br>Plaintiffs,<br><br>v.<br><br>AURORA CASKET COMPANY, INC., and JOHN DOES 1-10,<br>Defendant. | Cause No. 1:11-cv-6343 (RMB/AMD)<br><br>Motion Date: April 16, 2012 |

**DEFENDANT AURORA CASKET COMPANY, INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION AND STAY THE LITIGATION**

**TABLE OF CONTENTS**

INTRODUCTION .......................................................................................................... 1

LAW AND ARGUMENT ............................................................................................. 1

    A. New Jersey Does Not Have a Public Policy Contrary to Arbitration ........................... 1

    B. The Purpose of the Federal Arbitration Act was to Preempt State Law and
       Policy Unfavorable to Arbitration. ............................................................................ 2

    C. Public Policy is not a Valid Ground for Revocation of an Arbitration
       Agreement. ................................................................................................................ 3

CONCLUSION .............................................................................................................. 4

## TABLE OF AUTHORITIES

**Cases**

*Curtis v. Cellco P'ship*, 413 N.J. Super. 26, 33 (N.J. Super. Ct. App. Div. 2010)..........................2

*Garfinkel v. Morristown Obstetrics & Gynecology Assocs.*, 168 N.J. 124 (2001)..........................2

*Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991)..........................................3

*Great Western Mortg. Corp. v. Peacock*, 110 F.3d 222 (3rd Cir. 1997) .....................................1, 3

*Griffin v. Burlington Volkswagen, Inc.*, 411 N.J. Super. 515 (N.J. Super. Ct. App. Div. 2010) .... 2

*Haluska v. RAF Fin. Corp.*, 875 F.Supp. 825 (N.D. Ga. 1994).......................................1

*Martindale v. Sandvik, Inc.*, 173 N.J. 76 (2002).........................................................2

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983) ...........................3

*Nat'l R.R. Passenger Corp. v. Conrail*, 892 F.2d 1066 (D.C. Cir. 1990)..................................3

*Perry v. Thomas*, 482 U.S. 483 (1987) .....................................................................3

*Singer v. Commodities Corp.*, 292 N.J. Super. 391 (N.J. Super Ct. App. Div. 1996)...................1

*Southland Corp. v. Keating*, 465 U.S. 1 (1984)..........................................................2

*Volt Information Sciences, Inc. v. Bd. of Trustees of Leland Stanford Jr. Univ.*, 489 U.S. 468 (1989)..............................................................................................................2

*Young v. Prudential Ins. Co. of America, Inc.*, 297 N.J. Super. 605 (N.J. Super. Ct. App. Div. 1997) ................................................................................................................1

**Statutes**

New Jersey's Arbitration Act, N.J.S.A. 2A:24-1 to -11...............................................2

## INTRODUCTION

In contradiction to well-established law and clear public policy, Plaintiffs claim that the New Jersey Conscientious Employee Act ("CEPA") creates an exception to the broad, preemptive policy of the Federal Arbitration Act ("FAA"). Plaintiffs have no support for their argument. Simply put, federal and state law requires arbitration of this dispute. New Jersey cases require arbitration of CEPA claims; New Jersey's public policy favors arbitration; and the FAA mandates arbitration. It is clear this dispute should be heard in arbitration.

## LAW AND ARGUMENT

### A.     New Jersey Does Not Have a Public Policy Contrary to Arbitration.

The fact that a New Jersey statute provides for a specific remedy – in this case a jury trial – is not proof that New Jersey has a public policy unfavorable to arbitration. *See Great Western Mortg. Corp. v. Peacock*, 110 F.3d 222 (3rd Cir. 1997) (rejecting Plaintiff's argument that New Jersey's anti-discrimination laws are offended by requiring arbitration). In fact, multiple courts across the country have rejected this very argument. *See e.g., Haluska v. RAF Fin. Corp.*, 875 F.Supp. 825 (N.D. Ga. 1994) (rejecting plaintiff's claim that because state law provided for relief in a court of law, plaintiff should not be held to an arbitration clause).

Put simply, "there is no evidence in the text or legislative history of CEPA *** that members of the classes protected by [that] statute cannot waive their right to a jury trial by agreeing to arbitrate disputes with their employers." *Young v. Prudential Ins. Co. of America, Inc.*, 297 N.J. Super. 605, 616 (N.J. Super. Ct. App. Div. 1997); *see also Singer v. Commodities Corp.*, 292 N.J. Super. 391 (N.J. Super Ct. App. Div. 1996) (rejecting plaintiff's argument that a CEPA claim should be exempted from arbitration). In New Jersey, "[a]greements to arbitrate are not violative of public policy," and "it is well-settled 'that parties to an agreement may waive statutory remedies in favor of arbitration.'" *Curtis v. Cellco P'ship*, 413 N.J. Super. 26, 33 (N.J.

Super. Ct. App. Div. 2010), *quoting Garfinkel v. Morristown Obstetrics & Gynecology Assocs.*, 168 N.J. 124, 132 (2001).

Contrary to Plaintiffs' argument, then, New Jersey's public policy actually favors enforcement of valid agreements to arbitrate. *See Martindale v. Sandvik, Inc.*, 173 N.J. 76, 83-86 (2002). In fact, the New Jersey legislature has created its own Arbitration Act, *N.J.S.A.* 2A:24-1 to -11. Thus, in New Jersey, "'**[a]n agreement to arbitrate should be read liberally in favor of arbitration.**'" *Curtis*, 413 N.J. Super. at 33, *quoting Griffin v. Burlington Volkswagen, Inc.*, 411 N.J. Super. 515, 518 (N.J. Super. Ct. App. Div. 2010) (emphasis added). Because New Jersey does not have a public policy counter to arbitrations, as Plaintiffs allege, but, rather, has a policy of enforcing arbitration agreements, Defendant's Motion should be granted.

**B.      The Purpose of the Federal Arbitration Act was to Preempt State Law and Policy Unfavorable to Arbitration.**

Even assuming *arguendo* that New Jersey had a public policy hostile to arbitration, the FAA preempts state laws which "require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." *Volt Information Sciences, Inc. v. Bd. of Trustees of Leland Stanford Jr. Univ.*, 489 U.S. 468, 478 (1989), *quoting Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984). In addressing the preemptive effect of the FAA, the Supreme Court found that "Congress intended to foreclose state legislative attempts to undercut the enforceability of arbitration agreements." *Keating*, 465 U.S., at 16. And, by enacting the FAA, Congress "declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." *Id.* at 10.

Under the Supremacy Clause of the United States' Constitution, the FAA preempts state statutes in unmistakable conflict with the federal policy embedded in § 2 of the Act. *Perry v.*

*Thomas*, 482 U.S. 483, 491 (1987). "Section 2 is a Congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). The FAA preempts state laws unfavorable to arbitration. *Peacock*, 110 F.3d at 230.

The clear federal policy embedded in the FAA places any alleged New Jersey requirement that litigants be provided a judicial forum for recovering under the CEPA in unmistakable conflict with § 2 of the FAA. Under the Supremacy Clause, then, the FAA pre-empts the alleged conflicting state public policy. Accordingly, Defendant's Motion should be granted in its entirety.

### C.   Public Policy is not a Valid Ground for Revocation of an Arbitration Agreement.

Contrary to Plaintiffs' argument, the FAA only relieves a party from an arbitration agreement if a justification for revocation of the agreement exists under contract law (i.e., "there was a gun to my head and I was forced to signed the arbitration agreement"). *See Peacock*, 110 F.3d at 228; *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 33 (1991) ("arbitration agreements are enforceable save upon such grounds as exist at law or in equity for the revocation of any contract"). "Generally, applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening § 2." *Gilmer*, 500 U.S. at 33. To hold that an arbitration agreement could be revocable upon public policy grounds is an unauthorized expansion of § 2. *Nat'l R.R. Passenger Corp. v. Conrail*, 892 F.2d 1066 (D.C. Cir. 1990). Under § 2, then, the Court's only inquiry is "whether there was an agreement to arbitrate, and, if so, whether the agreement is valid." *Peacock*, 110 F.3d at 228.

3

The Plaintiffs have offered no evidence of fraud, duress, or unconscionability such that this Court would be authorized to revoke the otherwise valid arbitration agreement. Plaintiffs argue only that New Jersey's public policy is grounds for revocation. As stated, however, public policy – even assuming New Jersey has a public policy contrary to arbitrations (which it does not) – cannot serve as grounds for invoking § 2. Section 2 revocation is reserved to applicable contract defenses, and to expand § 2 to encompass public policy claims is contrary to the FAA. As such, Defendant's Motion should be granted, this litigation should be stayed, and this matter should be arbitrated.

## CONCLUSION

Plaintiff William Kowal agreed to arbitrate his claims against Defendant Aurora Casket. He cannot now be permitted to escape his agreement by attempting to circumvent the Federal Arbitration Act and New Jersey public policy. For the above reasons, Defendant Aurora Casket Company, Inc. respectfully requests a stay of these proceedings and that the Plaintiffs be compelled to arbitrate their claims pursuant to the terms of the Arbitration Agreement signed by Plaintiff William Kowal.

Respectfully submitted,

Date: April 9, 2012

By: /s/ Aaron M. Moyer
    Thomas J. Barton, Esq. (NJ Bar No. 00821-1991)
    Aaron M. Moyer, Esq. (NJ Bar No. 01009-2009)
    Drinker Biddle & Reath LLP
    One Logan Square, Ste. 2000
    Philadelphia, PA 19103-6996
    215-988-2700
    Attorneys for Defendant AURORA CASKET
    COMPANY, INC.

    *Pro Hac Vice Counsel*
    David A. Skidmore, Esq.
    Amy S. Wilson, Esq.

Frost, Brown Todd LLC
201 North Illinois Street
Suite 1900
Indianapolis, Indiana 46204-4236